# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

FAITH M. FINNIE,

          Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.

Case No. 10-CV-455-FHM

## **OPINION AND ORDER**

Plaintiff, Faith M. Finnie, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## **Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's August 15, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held January 15, 2010. By decision dated February 8, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 15, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 30 years old at the time of alleged onset of disability and 32 at the time of the ALJ's decision. She has a 9th grade education and no relevant past work. She claims to have been unable to work since July 29, 2009, as a result of arthritis, obesity and antisocial personality disorder. The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform sedentary work, limited to simple and some complex tasks and can relate to others on a superficial work basis. Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that: (1) the RFC was not consistent with substantial evidence in the record; (2) the ALJ failed to perform a proper credibility analysis; and (3) the ALJ failed to

properly evaluate the severity of her mental impairments on her ability to engage in substantial gainful activity.

## Analysis

### Residual Functional Capacity

The ALJ found Plaintiff has the RFC to perform sedentary work, including simple and some complex tasks, and can relate to others on a superficial work basis. Plaintiff claims that this RFC does not take into account the extent of her mental limitations. According to Plaintiff, this RFC is inconsistent with the Psychiatric Review Technique (PRT) finding that Plaintiff has a moderate limitation in maintaining concentration, persistence, and pace. Plaintiff states: "[a] person with a moderate limitation of maintaining concentration, persistence, and pace should be limited to performing simple tasks only." [Dkt. 17, p. 2]. Plaintiff provided no authority for this conclusion, it is not supported in the record, and is not addressed further by the court.

Plaintiff also asserts that the ALJ's finding that Plaintiff had a mild restriction in activities of daily living conflicts with the PRT assessment by agency expert, Cynthia Kampschaefer, Psy.D., who found Plaintiff had a moderate degree of limitation in the activities of daily living. Plaintiff states that the ALJ erred in failing to discuss the reason why his assessment differed from the agency expert.

When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure, known as the psychiatric review technique (PRT), in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing

3

application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C). As the ALJ noted in his decision, the "paragraph B" limitations are <u>not</u> an RFC assessment, rather they rate the severity of mental impairments at steps 2 and 3 of the evaluative sequence. [Dkt. 13-2, p. 21].

Although the ALJ's PRT finding about Plaintiff's activities of daily living differs from those of Dr. Kampschaefer on that particular point, that difference is not of particular importance because the PRT findings serve a screening function which precedes the development of RFC findings. In fact, the ALJ fully adopted Dr. Kampschaefer's RFC conclusions. Dr. Kampschaefer completed a Residual Functional Capacity Assessment form where she indicated Plaintiff's ability to sustain the various work-related mental activities listed on the form. Dr. Kampschaefer provided a narrative explanation of her conclusions:

> Based on the ability to follow directions, her ability to focus, and attentiveness at a recent MSE, it is felt the claimant can perform simple and some complex tasks. The claimant can relate to others on a superficial work basis. Claimant can adapt to a work situation.

[Dkt. 13-7, p. 79]. These are the same restrictions the ALJ included in the RFC findings. The court finds no error in the ALJ's treatment of Dr. Kampschaefer's opinion.

4

Credibility

The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). According to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations. Id. at *4. It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted).

Plaintiff asserts that the ALJ failed to perform a proper credibility determination. Plaintiff states that the ALJ's credibility analysis consists of meaningless boilerplate language that gives no clue as to the weight the ALJ gave Plaintiff's testimony.

While the decision does contain some boilerplate language, the ALJ also accurately outlined Plaintiff's testimony and pointed out some instances in the record where the information recorded by medical personnel conflicted with either her sworn testimony or information she otherwise provided in conjunction with her application for benefits. For instance, the ALJ noted that in her initial application for benefits Plaintiff asserted she could not hear and had to read lips. [Dkt. 13-2, p. 22; 13-6, p. 7]. In outlining the medical record, the ALJ noted the absence of support for the existence of hearing deficits. [Dkt. 13-2, p.

5

23]. In Plaintiff's initial application she complained of shortness of breath. [Dkt. 13-6, p. 7]. The ALJ noted that information and also that pulmonary function studies were normal. [Dkt. 13-2, pp. 22-23; 13-7, p. 47].

In addition to the foregoing, the ALJ noted the following reasons for discounting Plaintiff's credibility: her mental health treatment is by court order; she is convicted felon and has no ongoing work history; she has not sought treatment for her physical impairments; and has not shown any objective evidence demonstrating she is unable to work. [Dkt. 13-2, p. 24]. In evaluating a claimant's complaints of disabling pain, the ALJ must consider factors such as the extensiveness of claimant's attempts (medical or nonmedical) to obtain relief, the frequency of claimant's medical contacts, the nature of her daily activities, subjective measures of credibility, and the consistency or compatibility of claimant's testimony with the objective medical evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). In addition, the prior work history and efforts to work are appropriate considerations in assessing credibility. Social Security Ruling (SSR) 1996 WL 374186 *5, 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

The court finds that the ALJ's credibility analysis complied with the applicable legal standards and it has substantial support in the record. Further, the ALJ credited Plaintiff's complaints of pain to the extent that he limited her to sedentary work.

## Severity of Plaintiff's Mental Impairments

The Listings of Impairments (listings) describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App.1. It is well established that it is Plaintiff's burden to show that her impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d

748, 750 (10th Cir. 1988). It is also well established that *all* of the specified medical criteria must be matched to meet a listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).

In considering the mental listings, the ALJ found "[i]n this case, the evidence fails to establish the presence of the "paragraph C" criteria." [Dkt. 13-2, p. 21]. Plaintiff argues that the ALJ failed to properly evaluate the severity of her mental impairments under "paragraph C" of the listings.

Listing 12.04, addressing affective disorders, is satisfied and the claimant is thereby adjudged disabled when the record demonstrates the following "paragraph C" criteria are satisfied:

> Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, which symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> \* \* \*
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpt. P, App.1; 12.04 (C).

Plaintiff asserts that she lives in the highly structured environment of a women's recovery home and that by the time of the hearing she had done so for one year. She argues that the ALJ erred by failing to consider whether she could function outside of that environment. The court finds that the record does not establish that at the time of the hearing Plaintiff had lived in a "highly supportive living arrangement" for a year or more.

7

On November 18, 2009, just two months before the January 8, 2010 hearing, Plaintiff reported she currently lived with her boyfriend. [Dkt. 13-8, p. 8]. The note where that is recorded reflects that she lived at the recovery home, Restoring Lives, "for a while." *Id*.

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 8th day of August, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE